UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LA CONTENTA PLAZA, a California Limited Partnership; MARK TWAIN ST. JOSEPH'S HEALTHCARE CORPORATION, dba Family Medical Center Valley Springs; GERALD WALK, dba Pizza Factory; CAROL WALK, dba Pizza Factory; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | No.　2:14-cv-02988-GEB-DAD<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; ORDER DISMISSING DEFEDANTS GERALD WALK AND CAROL WALK** |

　　　　The July 14, 2015, Order Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on August 31, 2015, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. Defendants La Contenta Plaza and Mark Twain St. Joseph's Healthcare each filed a separate status report. Plaintiff failed to file a status report as ordered.

　　　　Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than August 28, 2015, why sanctions should not be imposed against her and/or her counsel

1

1  under Rule 16(f) of the Federal Rules of Civil Procedure
2  ("Rules") for failure to file a timely status report. The written
3  response shall also state whether Plaintiff or her counsel is at
4  fault, and whether a hearing is requested on the OSC.[1] If a
5  hearing is requested, it will be held on October 26, 2015, at
6  9:00 a.m., just prior to the status conference, which is
7  rescheduled to that date and time. A **joint** status report shall be
8  filed no later than fourteen (14) days prior to the status
9  conference. The parties shall begin the meet and confer process
10 early enough to enable them to prepare a joint status report.[2]

11         Further, the July 14, 2015 Order required Plaintiff no
12 later than August 3, 2015, to either file proof that Defendants
13 Carol Walk and Gerald Walk were served with process or a document
14 showing good cause for Plaintiff's failure to serve these
15 Defendants as ordered. (Order 2:3-9, ECF No. 18.) That Order
16 warned Plaintiff that failure to make the required showing by the
17 deadline would result in Defendants Carol Walk and Gerald Walk
18 being dismissed from this action.

19         Plaintiff filed a response on August 3, 2015, in which
20 she states in relevant part:

21         6. I hired the company, OneLegal, in order to

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

[2] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

>serve process on both Gerald and Carol Walk. The OneLegal process server was unable to serve Carol Walk as Carol Walk has died.
>
>7. Upon finding out that Carol Walk had died, the process server for OneLegal stopped his attempts to serve Gerald Walk for some unknown reason. I have attempted to find out what why, and, or, correct the misconception of the OneLegal process server.
>
>8. I ask that this court not dismiss the case against Gerald Walk until I can attempt to serve Gerald Walk by correcting the misunderstanding with OneLegal.

(Pl.'s Resp. ¶¶ 6-8, ECF No. 19.) Then on August 17, 2015, Plaintiff filed a Notice of Dismissal "requesting that this action be . . . dismissed in its entirety against [these] defendants under [Rule] 41(a)(1)." (ECF No. 21.) However, Plaintiff's dismissal notice did not contain the agreement of the Defendants La Contenta Plaza and Mark Twain St. Joseph's Healthcare as required by Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Since Defendants Carol Walk and Gerald Walk have not been served and Plaintiff has not provided justification for their continued presence in this action, they are dismissed.

IT IS SO ORDERED.

Dated:  August 19, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3