UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>          Plaintiff,<br><br>     v.<br><br>LA CONTENTA PLAZA, a California Limited Partnership,<br><br>          Defendant. | No.  2:14-cv-02988-TLN-KJN<br><br>**ORDER DENYING MOTION TO DISMISS** |

This matter is before the Court on Defendant La Contenta Plaza, a California Limited Partnership's ("Defendant") motion to dismiss the complaint for lack of jurisdiction. (ECF Nos. 35 & 1.) Plaintiff Hopson ("Plaintiff") opposes the motion (ECF No. 38), and Defendant has filed a reply (ECF No. 39). For the reasons set forth below, the Court DENIES Defendant's motion to dismiss.

**I.     FACTUAL ALLEGATIONS**

Plaintiff is disabled and is confined to a mobility scooter for travel. (ECF No. 1 ¶ 1.) Sometime in May 2014, Plaintiff wanted to visit the Pizza Factory located at 1919 Vista Del Lago Drive in Valley Springs, California ("the property"). (ECF No. 1 ¶ 9.) Defendant owns, operates, manages, and has substantial control over the property, including the interior and exterior of the

1

building, the parking lot and all spaces adjacent to the building located at 1919 Vista Del Lago Drive.[1] (ECF No. 1 ¶ 9.) Plaintiff encountered barriers that interfered with her ability to use and enjoy the privileges and accommodations offered by the property. (ECF No. 1 at ¶ 15.) Plaintiff alleges specifically:

> There are not enough designated disabled parking spaces that are van accessible, as properly labeled, given the number of total parking spaces in violation of ADAAG[2] 4.1.2(5)(b).
>
> The designated disabled parking space's access aisles fail to have level surfaces and have slopes of greater than 1:50 or 2% in violation of ADAAG 4.6.3.
>
> The curb ramp fails to have truncated domes as detectable warnings, or such detectable warnings fail to extend the full width and depth of the curb ramp in violation of ADAAG 4.7.7.
>
> The designated disabled van parking space fails to have a sign with the designation "van accessible" in violation of California Building Code 11b-502.6
>
> The designated disabled van parking space fails to have a sign stating "minimum fine $250" below the international symbol of accessibility in violation of California Building Code 11B-502.6.2.

(ECF No. 1 ¶¶ 26–30.)

Plaintiff filed the instant complaint on December 29, 2014, alleging that Defendant violated her rights pursuant to the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act, and the California Disabled Persons Act. (ECF No. 1 ¶ 2.) Defendant filed the instant motion to dismiss on January 6, 2016. (ECF No. 35). Plaintiff filed an opposition on February 11, 2016. (ECF No. 38.) Defendant filed a reply on February 18, 2016. (ECF No. 39.)

In summary, Defendant "factually challenges Plaintiff's jurisdictional standing to proceed with her federal law claims because they are moot and are no longer an actual case or controversy as required under Article III [of the U.S. Constitution]." (ECF No. 35-1 at 10.) Defendant asserts the claims are moot because it has made its property ADA compliant. Defendant concludes that

---

[1] There is some ambiguity as to what the relevant area is. Plaintiff submits that all claims arose at the "real property located at 1919 Vista Del Lago Drive, Valley Springs, CA 95252." (ECF No. 1 ¶ 5.) Differently, Plaintiff submits that the claims arise from the Pizza Factory facility located at this property (apparently as opposed to other facilities located at this address). (ECF No. 1 ¶¶ 7, 14–16, 21.) The Court will construe the complaint to concern the area necessary for access to the Pizza Factory, located at 1919 Vista Del Lago Drive, Valley Springs, CA 95252.

[2] Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

because Plaintiff's federal claims are moot, supplemental subject matter jurisdiction is not appropriate and the Court should dismiss Plaintiff's state law claims.

## II.  STANDARD

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *N.C. v. Rice*, 404 U.S. 244, 246 (1971). The focus of a mootness inquiry "is whether there can be any effective relief." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001). A case is not moot if "changes can still be made to help alleviate any adverse effects" of the injury suffered by plaintiff. *Tyler v. Cuomo*, 236 F.3d 1124, 1137 (9th Cir. 2000). However, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)).

"[M]ootness is a jurisdictional defect." *Barilla v. Ervin*, 886 F.2d 1514, 1519 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Federal Rule of [Civil] Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. *Id.* "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

However, "a [j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is

3

dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations and quotations omitted). "A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "In such a case, the district court assumes the truth of allegations in a complaint ... unless controverted by undisputed facts in the record." *Id*.

**III.    ANALYSIS**

A.  Defendant's contentions of ADA compliance

Plaintiff's sole federal law claim is an alleged violation of Title III of the ADA. "Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation' with a nexus in interstate commerce." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). Compliance with the ADA requires facilities to be readily accessible and usable by individuals with disabilities. *Id*. In the present case, Defendant "factually challenges Plaintiff's jurisdictional standing to proceed with her federal law claims because they are moot and are no longer an actual case or controversy as required under Article III [of the U.S. Constitution]." (ECF No. 35-1 at 10.) In sum, Defendant represents that both before and after the complaint was filed, Defendant oversaw various upgrades to the property with the specific purpose of becoming ADA compliant.

Specifically, Defendant states as follows: Defendant contracted with a company (which in turn subcontracted the work) in December 2014 to "conduct the parking lot repairs and ADA upgrades for a total of $19,00.00" and "to perform the striping, including ADA, bumpers & H/C signs for a total of $2,696.75." That work was completed on or about January 21, 2015. (ECF No. 35-1 at 7.) Defendant was "served with the Summons and Complaint on February 6, 2015." (ECF No. 35-1 at 7.) In early April 2015, Defendant hired a consultant to "conduct [a] Site Survey and ADA Evaluation to ensure the subject parking was compliant with ADA and California Building Code standards." (ECF No. 35-1 at 7.) "Patrick Van Lieshout, a Certified

4

Access Specialist registered with the State of California, and who[] has over 30 years of Project/Construction Management experience, as well as expert knowledge and ADA compliance experience, conducted the site survey and evaluation and issued a report." (ECF No. 35-1 at 7.) In his report, Mr. Lieshout noted three issues which needed to be addressed. (ECF No. 35-1 at 8.) Defendant corrected the issues. (ECF No. 35-1 at 8.) On November 10, 2015, Mr. Lieshout "conducted a re-inspection of [Defendant's] parking lot and issued two follow-up reports." (ECF No. 35-1 at 8.) "The first report provides a response to the ADA violations alleged by [Plaintiff] in paragraphs 27 through 30 of her Complaint as well as photographs evidencing ADA compliance."[3] (ECF No. 35-1 at 8.) "The second report confirms correction of the last three non-compliant items and that the La Contenta parking lot was compliant with California Building Code 11B-501-502.8.2." (ECF No. 35-1 at 8.) "The 2013 California Building Code 11B-501-502.3.6 has fully incorporated and integrated the standards set forth in the Americans with Disabilities Act Accessible Guidelines."[4] (ECF No. 35-1 at 8.)

Defendant also "had a policy drafted addressing these issues. The Policies and Procedures for American with Disability Act Standards and California Building Code was implemented by [Defendant] on December 16, 2015." (ECF No. 35-1 at 8.)

B. Plaintiff's opposition and new allegations

Plaintiff responds as follows: Counsel for Plaintiff visited the property on June 8, 2015, and had a subsequent visit with Stephen Hopson on June 10, 2015.[5] During these visits, counsel discovered "several new law violations" in addition to "some older violations." (ECF No. 38 at 5–6.) Plaintiff "is aware of these violations, would possibly encounter them if she returned, and desires them to be fixed as well." (ECF No. 38 at 6.) Plaintiff states, and attaches photos in support, that van accessible stalls at the property are still not totally compliant. Plaintiff submits

---

[3] Paragraph 26 of the complaint states: "There are not enough designated disabled parking spaces that are van accessible, as properly labeled, given the number of total parking spaces in violation of ADAAG 4.1.2(5)(b)." (ECF No. 1 ¶ 26.)

[4] Defendant also states it has implemented a policy for ADA and California Building Code compliance. Plaintiff disputes that this policy will be effective. (ECF No. 35-1 at 8; ECF No. 38 at 7–8.)

[5] Stated as June 8 and June 10 "2016" in Plaintiff's opposition. (ECF No. 38 at 5.)

that "one such stall has a cross slope in excess of 2% which violates the ADA and California's disability law." (ECF No. 38 at 6.) The attached photos, taken by Stephen Hopson, show a level displaying "2.8" in one photo and "3.9" in another. (ECF No. 38-2, Ex. C.) And "one of the newly added stalls is committing an ADAAG violation in the exact same manner as [Plaintiff] initially complained," although here it is not clear if Plaintiff is referencing the slope violations of the aforementioned stalls or some other violation.[6] (ECF No. 38 at 6.)

C.  Defendant's reply

Regarding the photos submitted by Plaintiff, Defendant responds that the "particular space that [Stephen Hobson, apparently Plaintiff's relative] chose to photograph is located at the bottom portion of the parking not even remotely close to the Pizza Factory." (ECF No. 39 at 3.) Defendant submits that there "are 2 accessible parking spaces just in front of the establishment." (ECF No. 39 at 3.) Defendant further submits that, in response to the photographs, its consultant Mr. Lieshout "visited the parking lot again and placed his digital meter in approximately the same location as [is] shown on Mr. Hopson's photograph. The slope variation he received was 2.0%. He then conducted another measurement in the parking space adjacent to the access aisle and received a 1.7% reading." (ECF No. 35-1 at 3.) Defendant appears to state Mr. Lieshout performed independent slope variation measurements using "the protocol suggested by a report released by the United States Access Board," and all readings were "within the acceptable range pursuant to ADAAG 4.6.3." (ECF No. 39 at 3.)

Defendant submits it "has spent approximately $22,000 to date on remediating the subject parking lot and hiring a [Certified Access Specialist Program] inspector to consult on the compliance issues." (ECF No. 39 at 4.)

D.  Conclusion

Defendant's jurisdictional challenge intertwines with this Court's inquiry into the merits,

---

[6] Plaintiff's counsel also claims that he "visited the office, and address for agent for service of process, of General Partner Bradley White," and the parking lot at that location also had ADA violations. (ECF No. 38 at 7–8.) Defendant responds that it was once a tenant at this address; however, at no time did it own or maintain a facility or parking lot at this address, and that its agent for service of process is located elsewhere. (ECF No. 39 at 4.) The fact that Plaintiff would raise this issue – relative to a property that is not in any way connected to this lawsuit – is irrelevant and a waste of the Court's time.

because jurisdiction is based upon Plaintiff's allegations of ADA violations at the property. "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air*, 373 F.3d at 1039.

In summary, Defendant submits that it contracted with various entities and consultants to make the property ADA compliant, prior to service of the complaint, and that currently the property is ADA compliant. However, Plaintiff disputes that the property is ADA compliant, at least on the basis that it measured parking spaces and found they were tilted at a slope that violated ADAAG 4.6.3.[7] To resolve this issue now would require the Court to determine whether Plaintiff's photographs of a level showing slopes of above 2% are either wrong or irrelevant to this lawsuit, compared to the opinion expressed by Defendant's expert. Such a determination is not appropriate on a motion to dismiss.

Most of the decisions cited by Defendant on the issue of mooted claims stripping the Court of jurisdiction (ECF No. 35-1 at 12–13; ECF No. 39 at 5–6), resolved this issue at the summary judgment phase. *See Carpenter v. Raintree Realty, LLC*, No. CV 11-06798-RGK MRWX, 2012 WL 2579179 (C.D. Cal. July 2, 2012); *Kohler v. Islands Restaurants, LP*, 956 F. Supp. 2d 1170 (S.D. Cal. 2013); *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002); *Hubbard v. 7-Eleven, Inc.,* 433 F. Supp. 2d 1134 (S.D. Cal. 2006); *Johnson v. Hernandez*, 69 F. Supp. 3d 1030, 1035 (E.D. Cal. 2014) (in denying defendants' motion to dismiss plaintiff's ADA claims: "[c]onverting the instant [m]otion [to dismiss] to one for summary judgment would be premature because [p]laintiff has not yet had the opportunity to engage in discovery and thus has not had the opportunity to develop the evidence he may need to rebut [d]efendants' 'facts'"). The Court notes *Turner v. Anand*, No. 14-CV-01147-BAS PCL, 2015 WL 4474671, at *7 (S.D. Cal. July 21, 2015), which granted a motion to dismiss on the basis that "the evidence submitted by [d]efendants establishes that the parking space is compliant, that the behavior cannot reasonably be expected to recur, and dismisses

---

[7] ADAAG 4.6.3 provides in relevant part: "Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions."

7

[p]laintiff's ADA claim for lack of subject matter jurisdiction." However, the *Turner* court found defendants had "assert[ed] that they are presently complying with the ADA, and support that assertion with undisputable evidence." *Id.* at *6. Plaintiff has disputed whether the measures for compliance taken by Defendant have made the property ADA compliant.

### IV.  CONCLUSION

For the reasons set forth above, the Court hereby DENIES Defendant's motion to dismiss (ECF No. 35) Plaintiff's complaint.

The Court further refers the matter to the Court's Alternative Dispute Resolution (ADR) Division for scheduling of a settlement conference before a magistrate judge. The magistrate judge will then issue an order setting the settlement conference. Counsel is instructed to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on any terms. If the case does not settle, the parties are ordered to file a joint status report not later than seven (7) days after the conclusion of the settlement conference.

Dated: April 19, 2016

Troy L. Nunley
United States District Judge